

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GERARDO HERNANDEZ,
and others similarly-situated,

Plaintiffs,

vs.

FLORIDA ROCK INDUSTRIES, INC.,
a Florida corporation,

Defendant.
_______________________________/

CASE NO.

MAGISTRATE JUDGE

MAGISTRATE JUDGE
SIMONTON



**FLSA OVERTIME COMPLAINT**

COMES NOW, Plaintiff, GERARDO HERNANDEZ, and others similarly-situated, by and through his undersigned attorney and sues Defendant, FLORIDA ROCK INDUSTRIES, INC., and alleges:

JURISDICTIONAL ALLEGATIONS

1. Plaintiff brings this action on behalf of himself and other similarly-situated current and former employees to recover money damages for unpaid overtime and minimum wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. ss 201-219 (Section 216 for jurisdictional placement) ("the Act"). Plaintiff and others similarly-situated also seek relief pursuant to Florida common law and Statute, for unpaid wages. The state law cause of action is inextricably intertwined with the federal cause of action, and this Court has pendent jurisdiction to hear the same.

2. Plaintiff, GERARDO HERNANDEZ, is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.



3. Defendant, FLORIDA ROCK INDUSTRIES, INC., is a Florida corporation, doing business in Dade County, Florida, and at all times material hereto were and are engaged in interstate commerce.

COUNT I
UNPAID OVERTIME

4. Plaintiff realleges and reavers paragraphs 1 through 3 and as fully set forth herein.

5. Plaintiff was employed by Defendant from December 13, 1999 through May 10, 2002 in an activity effecting interstate commerce.

6. This action is brought by Plaintiff and others similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. Section 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do

its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and others similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

8. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and others similarly-situated are within interstate commerce.

FACTS GIVING RISE TO THIS CAUSE OF ACTION

9. While employed by Defendant, Plaintiff worked an average of 50 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he is employed.[1]

10. Plaintiff was paid an average of $11.35 an hour for the hours that he worked for Defendant. Plaintiff was payed overtime wages for some of the hours that he worked in excess of 40 hours per week, however, the Employer altered his time records and did not compensate Plaintiff for all hours worked in excess of 40 hours per week.

11. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and others similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no

[1]Plaintiff does not have the time records in his possession. Therefore, he is unable to state the specific number of hours he worked in excess of 40 hours per week.

provision was made by the Employer to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. Plaintiff and others similarly-situated did not receive any overtime pay from the Employer.

12. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and others similarly-situated these overtime wages since the commencement of Plaintiff's and other similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and other similarly-situated employees are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

13. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated request double damages and reasonable attorney's fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's and those similarly-situated employees' entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff and those similarly-situated do not recover double damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

COUNT II
UNPAID WAGES

14. Plaintiff realleges and reavers paragraphs 1 through 13 as fully set forth herein.

15. Plaintiff is owed one-week vacation which Defendant has failed to pay him.

16. At all times material hereto, Defendant agreed to pay Plaintiff's vacation time and/or had a policy of paying every employee their vacation time.

17. Plaintiff has made demand for payment or otherwise complied with all conditions precedent to filing the within action.

18. The paid vacation was a part of Plaintiff's salary/wages and he is therefore entitled to recover reasonable attorney's fees pursuant to F.S. 448.08.

19. Plaintiff has retained the Law Offices of Eddy O. Marban to prosecute this action and is obligated to pay a reasonable attorney's fee. Plaintiff is entitled to recover reasonable attorney's fees pursuant to F.S. 448.08, and pursuant to the Fair Labor Standards Act, as the Court has jurisdiction to entertain the claim for unpaid vacation pursuant to the Act.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for damages, prejudgment interest, court costs, attorney's fees, together with any and all other relief which the Court deems just and equitable.

JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail address: emarban@aol.com

By: ______________________
EDDY O. MARBAN, ESQ.
Fl. Bar No. 435960

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

GERARDO HERNANDEZ, and others similarly-situated

**DEFENDANTS**

FLORIDA ROCK INDUSTRIES, INC., a Florida corporation

02-22601

CIV-GOLD

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF MIAMI-DADE (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT MIAMI-DADE (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE SIMONTON

Dade, 02CV22601/ASG/AMS

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eddy O. Marban, Esq. (305) 448-9292
782 N.W. 42 Ave, #350
Miami, Fla. 33126

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: **(DADE)**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED BY D.C. SEP 05 2002 CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. MIAMI

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS - Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. ss. 201-219

LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 30,000.00 CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 9-3-02

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

$150.00 868759

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

09/05/02